**Elbert WELCH, Plaintiff–Appellant,**

**v.**

**George BARTLETT, Superintendent; Ruppert Fennell, Deputy Superintendent; Dana Smith, Deputy Superintendent; T. Ribble, Correction Officer; R. Semski, Sergeant; S. Hager, Correction Officer; Nitnaugher, Correction Officer; J. Burge, Captain, Defendants–Appellees.**

**No. 03–0187.**

United States Court of Appeals, Second Circuit.

March 2, 2005.

Elbert Welch, for Appellant, pro se.

Andrea Oser, Assistant Solicitor General (Martin A. Hotvet, Assistant Solicitor General, Eliot Spitzer, Attorney General of the State of New York, on the brief), Office of the Attorney General of the State of New York, Albany, NY, for Appellees, of counsel.

Present: LEVAL, CABRANES and KATZMANN, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and hereby is **AFFIRMED.**

In September 1994—when plaintiff Elbert Welch was incarcerated in Elmira Correctional Facility—his cell was searched, and he was charged with violating prison rules against possession of unauthorized items and provision of legal assistance without permission. *See Welch v. Bartlett*, 94–CV–718S, slip op. at 1–2 (W.D.N.Y. June 5, 2003). A disciplinary hearing commenced, and plaintiff was sanctioned with 90 days' confinement in the Special Housing Unit ("SHU"). *Id.* at 4.

Plaintiff subsequently filed this action, under 42 U.S.C. § 1983, against defendant prison officials, principally alleging that they unconstitutionally prevented him from rendering legal assistance to other inmates and violated his due process rights in imposing the sanction. In September 1995, the District Court granted summary judgment in defendants' favor on both claims. On appeal, we affirmed the District Court's judgment on plaintiff's legal assistance claim, but vacated and remanded its judgment on the due process claim. *See Welch v. Bartlett*, No. 96–2778, 122 F.3d 1058, 1997 WL 568660, 1997 U.S.App. LEXIS 23954 (2d Cir. Sept. 12, 1997) (summary order).

In July 1998, the District Court again granted summary judgment in defendants' favor on the due process claim, reasoning that plaintiff was not deprived of a liberty interest because 90 days in the SHU did not amount to an "atypical and significant hardship ... in relation to the ordinary incidents of prison life," under the jurisprudence of *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). *Welch v. Bartlett*, No. 94–CV–718S, 1998 U.S. Dist. LEXIS 22620 (W.D.N.Y. July 20, 1998). On appeal, we disagreed and held that plaintiff raised a genuine question of material fact as to the deprivation of his liberty interest. *Welch*

*v. Bartlett,* 196 F.3d 389, 394 (2d Cir.1999). We then vacated the District Court's judgment and remanded for further proceedings, *id.* at 394–95, but we expressly did so without implying "that summary judgment in favor of [defendants] might not ultimately be found appropriate, either under *Sandin* or on other grounds," *id.* at 394 n. 3.

On second remand, the District Court found that plaintiff's Amended Supplemental Complaint, which had been filed on November 9, 1994, had alleged a violation of the Eighth Amendment's prohibition against cruel and unusual punishment—a claim that was apparently never addressed by the District Court or by our Court. *Welch,* slip op. at 4–5, 8 n. 5 (June 5, 2003). In a Decision and Order dated June 5, 2003, the District Court granted defendants' motion for summary judgment and denied plaintiff's motion for summary judgment with respect to both the due process claim and the Eighth Amendment claim. Plaintiff now appeals from this decision.

With respect to the due process claim, the District Court concluded that, even assuming plaintiff was deprived of a liberty interest, no reasonable trier of fact could conclude that plaintiff was not afforded all the process he was due. Substantially for the reasons stated in the District Court's Decision and Order of June 5, 2003, we affirm.

■ With respect to the Eighth Amendment claim, we have previously held that "[t]o demonstrate that the conditions of his confinement constitute cruel and unusual punishment, the plaintiff must satisfy both an objective test and a subjective test.

First, the plaintiff must demonstrate that the conditions of his confinement result in unquestioned and serious deprivations of basic human needs. Second, the plaintiff must demonstrate that the defendants imposed those conditions with deliberate indifference." *Jolly v. Coughlin,* 76 F.3d 468, 480 (2d Cir.1996) (internal citations and quotation marks omitted). In this case, the District Court granted summary judgment in defendants' favor on the Eighth Amendment claim, holding that "[t]here is simply no evidence that [p]laintiff suffered serious deprivation of his basic human needs." *Welch,* slip op. at 23 (June 5, 2003).[1] Substantially for the reasons stated in the District Court's Decision and Order of June 5, 2003, we affirm the Court's conclusion that "[p]laintiff has not demonstrated the existence of any genuine issue of fact regarding his Eighth Amendment claim." *Id.* at 24.

■ Plaintiff raises one additional claim in his appeal. Following the District Court's Decision and Order of June 5, 2003, plaintiff moved in the District Court for reconsideration and for recusal of Judge Skretny. The District Court denied his motion for reconsideration and then denied the recusal motion as moot. Plaintiff now asserts that his motion to recuse Judge Skretny was improperly denied. Although plaintiff timely filed a notice of appeal from the denial of the recusal motion, we subsequently dismissed that appeal "for failure to comply with the Prisoner Litigation Reform Act and submit a signed Prisoner Authorization form." *Welch v. Bartlett,* No. 03–0231 (2d Cir. Nov. 17, 2003). In an order entered on August 4, 2004, this Court denied plain-

---

1. The Court noted, *inter alia,* that plaintiff "established absolutely no factual basis to support" two of his allegations: that "defendants were involved in an ongoing … conspiracy to kill and discredit" him and that "a corrections sergeant made homosexual advances towards plaintiff as a part of the conspiracy to discredit and kill" him. *Welch,* slip op. at 23 n. 12 (June 5, 2003) (internal quotation marks omitted).

tiff's motion to reinstate that appeal. *Welch v. Bartlett,* No. 03–0231 (2d Cir. Aug. 4, 2004) (order). We concluded that "[b]ecause appellant's appeal lacks merit, no manifest injustice will result if his appeal is not reinstated." *Id.* Consequently, the appeal from the denial of defendant's recusal motion is not properly before us. Even assuming *arguendo* that plaintiffs' recusal claims were properly before us, we find no grounds for recusal in the record of this case.

We have considered all of plaintiff's arguments and have found each of them to be without merit. Accordingly, the judgment of the District Court is hereby **AFFIRMED.**